IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

REGINALD SWAIN,                    )
                                   )
           Plaintiff,              )
                                   )
vs.                                )      CIV-05-1448-F
                                   )
MICHAEL OFSAK, et al.,             )
                                   )
           Defendants.             )

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, filed this action on December 14, 2005, pursuant to 42 U.S.C. §1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). For the following reasons, it is recommended that the cause of action be dismissed without prejudice.

By Order dated on February 16, 2006, the Court directed that the Complaint, Summons, and the February 16, 2006 Order be served on the Defendants and that Plaintiff submit the necessary service papers to the Clerk within fifteen (15) days of the February 16, 2006 Order. On April 5, 2006, papers were returned with remarks "Return To Sender, Not at This Address." On April 21, 2006, Plaintiff filed a notice of change of address, and the Clerk re-mailed the February 16, 2006 Order to Plaintiff at the new address. To this date,

the Plaintiff has taken no action to serve the Summons and Complaint on the Defendants.

According to Fed. R. Civ. P. Rule 4(m), if service of a summons and complaint is not made on a defendant within 120 days after the filing of the complaint, the complaint shall be dismissed without prejudice as to that defendant unless the plaintiff shows good cause for the lack of service or the plaintiff may in the exercise of the court's discretion be granted an extension of time within which to effect service.  On June 20, 2006, Plaintiff was directed to show cause for his failure to effect service of process on the Defendants.  As of this date, Plaintiff has taken no action to serve the Summons and Complaint upon Defendants as required by Fed. R. Civ. P. 4, Plaintiff has failed to respond to the show cause order, and Plaintiff has not shown cause entitling him to a mandatory further extension of time to effect service under Rule 4(m), Fed. R. Civ. P.

The Court must nonetheless consider whether a permissive extension of time is warranted.  Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995).  Considering the factors relevant to this determination, it is noted that the statute of limitations has not expired as to Plaintiff's claims against Defendants.  Plaintiff has not attempted to serve Defendants, and there is no indication that Defendants have attempted to evade service of process.  Accordingly, in the discretion of the undersigned, the undersigned finds that a permissive extension of time to effect service of process upon Defendants is not warranted.

Although Plaintiff appears *pro se*, he is required to adhere to the same rules of procedure as any other litigant.  Green v. Dorrell, 969 F.2d 915 (10th Cir. 1992).  As of this date, a review of the court file reflects that Plaintiff has failed to serve the Summons and

Complaint on Defendants within 120 days after the filing of the Complaint, that Plaintiff has failed to show good cause why he has not done so, and that a permissive extension of time to effect service is not warranted. Thus, in accordance with Fed. R. Civ. P. 4(m), it is recommended that the Complaint be dismissed without prejudice as to the Defendants.

RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge recommends that the action be dismissed without prejudice. Plaintiff is advised of his right to file an objection to this Supplemental Report and Recommendation with the Clerk of this Court by July 31st, 2006, in accordance with 28 U.S.C. §636 and LCvR 72.1. Plaintiff is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  11th  day of      July, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE